1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2   SARA WINSLOW (DCBN 457643)
    Chief, Civil Division
3   JEVECHIUS D. BERNARDONI (CABN 281892)
    Assistant United States Attorney
4
         450 Golden Gate Avenue, Box 36055
5        San Francisco, California 94102-3495
         Telephone:  (415) 436-7164
6        Facsimile:  (415) 436-7234
         jevechius.bernardoni@usdoj.gov
7
    Attorneys for Federal Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12  AMERICAN CIVIL LIBERTIES UNION          Case No. 3:20-cv-09284-CRB
    FOUNDATION,
13                                          **ANSWER TO COMPLAINT FOR INJUNCTIVE
              Plaintiff,                    RELIEF**
14
         v.
15
    DEPARTMENT OF JUSTICE and FEDERAL
16  BUREAU OF INVESTIGATION,

17            Defendants.

18

19                            **ANSWER**

20        Defendant the UNITED STATES DEPARTMENT OF JUSTICE ("DOJ"), including its

21  components the Office of Information Policy ("OIP"),[1] the Office of the Inspector General ("OIG"), and

22  the Federal Bureau of Investigation ("FBI" and, together with OIP and OIG, "Defendants")[2] hereby

23  responds to Plaintiff's Complaint for Injunctive Relief ("Complaint") as follows:

24

25  [1] OIP processes FOIA requests for records from within OIP and from within six senior leadership offices
    of DOJ, including the Offices of the Attorney General ("OAG"), Deputy Attorney General ("ODAG"),
26  Associate Attorney General ("OASG"), Legislative Affairs ("OLA"), Legal Policy ("OLP"), and Public
    Affairs ("PAO").

27  [2] DOJ has a decentralized system for processing FOIA requests. 28 C.F.R. § 16.1(c) (Jan. 4, 2017).
    Accordingly, individual components of DOJ, including OIP, OIG, and the FBI, each process FOIA
28  requests and issue responses thereto, consistent with DOJ regulations.

# INTRODUCTION

1.     Paragraph 1 of the Complaint contains a characterization of the action to which no response is required.   To the extent a response is required, Defendants deny each and every allegation in paragraph 1.

2.     Defendants aver that the allegations in paragraph 2 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.

3.     As to paragraph 3, Defendants lack knowledge or information sufficient to admit or deny what the undefined "publicly available information" indicates, and on that basis deny the allegations in paragraph 3.

4.     As to paragraph 4, Defendants admit that Plaintiff submitted a FOIA request to Defendants on June 26, 2018 and admit that Exhibit 1 to the Complaint appears to be a true and correct copy of the request.  The request speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the request inconsistent therewith are denied.

5.     As to the first sentence of paragraph 5, Defendants admit that OIP and the FBI have not made final determinations as to Plaintiff's FOIA request but deny that OIG has not made a final determination as to Plaintiff's FOIA request.  As to the second sentence of paragraph 5, Defendants admit that the FBI made "Glomar" responses to some of the subparts of the request, but deny that OIP and/or OIG made any "Glomar" responses.  Except as expressly admitted, Defendants deny the allegations in paragraph 5.

6.     Paragraph 6 consists of Plaintiff's characterization of the purpose and motivations underlying its FOIA request, to which no response is required.  The FOIA request speaks for itself and is the best evidence of its contents.

# JURISDICTION

7.     Defendants admit that the Court has subject-matter jurisdiction and personal jurisdiction.

# VENUE AND INTRADISTRICT ASSIGNMENT

8.     Defendants deny that OIP records are situated in this District.  Defendants admit that FBI and OIG situate some agency records in this District but deny that the allegations in paragraph 8 are sufficient to establish venue in this District because the paragraph 8 does not allege that records at issue

1  in this FOIA lawsuit—if any—are situated in this District.

2      9.      Defendants deny that a substantial portion of the events giving rise to this action occurred

3  in this District and division, and on that basis deny the allegations in paragraph 9.

4                                    **PARTIES**

5      10.     Defendants lack knowledge or information sufficient to admit or deny the allegations in

6  paragraph 10, and on that basis deny them.

7      11.     Defendants admit the allegations in paragraph 11.

8      12.     As to the first sentence of paragraph 12, Defendants admit that the FBI is a component of

9  the DOJ but deny that the FBI is an agency within the meaning of the FOIA, 5 U.S.C. § 552(f)(1) and on

10  that basis deny that the FBI is a proper party in this lawsuit.  As to the second sentence of paragraph 12,

11  Defendants admit the allegations.[3]   Except as expressly admitted, Defendants deny the allegations in

12  paragraph 12.

13                             **FACTUAL BACKGROUND**

14      13.     Defendants aver that the allegations in paragraph 13 are irrelevant to Plaintiff's claims

15  under the FOIA, and therefore no response is required.

16      14.     Defendants aver that the allegations in paragraph 14 are irrelevant to Plaintiff's claims

17  under the FOIA, and therefore no response is required.

18      15.     As to paragraph 15, Defendants lack knowledge or information sufficient to admit or deny

19  what the undefined "public record indicates," and on that basis deny the allegations in paragraph 15.

20      16.     As to paragraph 16, Defendants admit only that the Internet link and the Court order are

21  the best evidence of their contents.  As to the remainder of the allegations in paragraph 16, Defendants

22  aver that the allegations are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is

23  required.  To the extent a response is required, Defendants deny that any of the allegations in this paragraph

24  constitute an official acknowledgement by Defendants.

25      17.     As to paragraph 17, Defendants admit only that the referenced Internet links are the best

26  evidence of their contents.   As to the remainder of the allegations in paragraph 17, Defendants aver that

27

28  _____

[3] OIP's Administrative Appeals Staff is a separate and distinct unit within OIP which handles the adjudication of administrative appeals of initial FOIA request responses made by all DOJ components.

1  the allegations are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.

2  To the extent a response is required, Defendants deny that any of the allegations in this paragraph

3  constitute an official acknowledgement by Defendants.

4       18.     As to paragraph 18, Defendants admit only that the referenced Internet links are the best

5  evidence of their contents.  As to the remainder of the allegations in paragraph 18, Defendants aver that

6  the allegations are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.

7  To the extent a response is required, Defendants deny that any of the allegations in this paragraph

8  constitute an official acknowledgement by Defendants.

9       19.     As to paragraph 19, Defendants admit only that the referenced Internet link is the best

10  evidence of its contents.  As to the remainder of the allegations in paragraph 19, Defendants aver that the

11  allegations are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.  To

12  the extent a response is required, Defendants deny that any of the allegations in this paragraph constitute

13  an official acknowledgement by Defendants.

14  **The ACLU's FOIA Request**

15       20.     Defendants admit that Plaintiff submitted a FOIA request to Defendants on June 26, 2018.

16  The request speaks for itself and is the best evidence of its contents, and all allegations concerning the

17  contents of the request inconsistent therewith are denied.

18       21.     The request speaks for itself and is the best evidence of its contents, and all allegations

19  concerning the contents of the request inconsistent therewith are denied.

20       22.     The request speaks for itself and is the best evidence of its contents, and all allegations

21  concerning the contents of the request inconsistent therewith are denied.

22       23.     As to the first sentence of paragraph 23, Defendants admit that OIP and the FBI have not

23  made final determinations as to Plaintiff's FOIA request but deny that OIG has not made a final

24  determination as to Plaintiff's FOIA request.  The second and third sentences of paragraph 23 consist of

25  Plaintiff's characterization of its request for relief to which no response is required.  To the extent a

26  response is deemed required, Defendants deny the allegations.

27  *Office of Information Policy (on behalf of Office of the Attorney General)*

28       24.     Defendants admit that OIP sent Plaintiff an acknowledgement letter dated July 5, 2018.

This letter speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the letter inconsistent therewith are denied.

25.    OIP's acknowledgement letter speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the letter inconsistent therewith are denied.

26.    Defendants admit that OIP has not made a final determination as to Plaintiff's FOIA request.

*Office of the Inspector General*

27.    Defendants deny the allegations.

*Federal Bureau of Investigation*

28.    Defendants admit that FBI sent Plaintiff an acknowledgment receipt on July 5, 2010.  This letter speaks for itself and is the best evidence of its contents.

29.    Defendants admit that FBI sent a letter dated October 11, 2018, dividing the five numbered items into five distinct requests.  This letter speaks for itself and is the best evidence of its contents.

30.    Defendants admit FBI responded to Request 1 on February 4, 2019.  This letter speaks for itself and is the best evidence of its contents.

31.    Defendants admit FBI responded to Request 2 on February 4, 2019.  This letter speaks for itself and is the best evidence of its contents.

32.    Defendants admit FBI responded to Request 3 on February 4, 2019.  This letter speaks for itself and is the best evidence of its contents.

33.    Defendants admit FBI responded to Request 4 on February 4, 2019.  This letter speaks for itself and is the best evidence of its contents.

34.    Defendants admit FBI responded to Request 5 on February 4, 2019.  This letter speaks for itself and is the best evidence of its contents.

35.    Defendants admit Plaintiff appealed the FBI's determinations as to Requests 1 - 5 in a letter dated March 26, 2019.  This letter speaks for itself and is the best evidence of its contents.

36.    Defendants admit OIP acknowledged receipt of Plaintiff's administrative appeal on March 29, 2019.  This email speaks for itself and is the best evidence of its contents.

37.    Defendants admit OIP affirmed FBI's determination as to Request 5 on April 15, 2019.

This email speaks for itself and is the best evidence of its contents.

38.    Defendants admit OIP affirmed FBI's determination as to Request 3 on June 17, 2019. This email speaks for itself and is the best evidence of its contents.

39.    Defendants admit OIP affirmed OIP affirmed FBI's determination as to Request 2.  This email speaks for itself and is the best evidence of its contents.

40.    Defendants admit OIP reversed the FBI's determination as to Request 4.  This email speaks for itself and is the best evidence of its contents.

41.    Defendants admit OIP reversed FBI's determination as to Request 1.  This email speaks for itself and is the best evidence of its contents.

42.    Defendants admit acknowledgment of remanded appeal of FBI's Request 4 dated July 2, 2020.  This letter speaks for itself and is the best evidence of its contents.

43.    Defendants admit acknowledgement of remanded appeal of FBI's Request 1.  This letter speaks for itself and is the best evidence of its contents.

44.    Defendants admit FBI has not responded to the remanded appeals.

## CAUSES OF ACTION

45.    Paragraph 45 contains Plaintiff's characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.  Defendants deny the remainder of the allegations in Paragraph 45.

46.    Paragraph 46 contains Plaintiff's characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.  Defendants deny the remainder of the allegations in Paragraph 46.

47.    Paragraph 47 contains Plaintiff's characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.  Defendants deny the remainder of the allegations in Paragraph 47.

48.    Paragraph 48 contains Plaintiff's characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.  Defendants deny the remainder of the allegations in Paragraph 48.

49.    Paragraph 49 contains Plaintiff's characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.  Defendants deny the remainder of the allegations in Paragraph 49.

## PRAYER FOR RELIEF

The allegations in paragraphs 1 through 6 following the "WHEREFORE" clause consist of Plaintiff's request for relief to which no response is required.  To the extent a response is required,

1   Defendants deny that Plaintiff is entitled to any relief whatsoever.

2       Defendants deny each and every allegation not specifically and expressly admitted herein.

3   **AFFIRMATIVE DEFENSES**

4   **FIRST AFFIRMATIVE DEFENSE**

5       Plaintiff is not entitled to relief beyond what is provided for under the FOIA. 5 U.S.C. § 552.

6   **SECOND AFFIRMATIVE DEFENSE**

7       Plaintiff is not entitled to compel the production of information that is protected from disclosure

8   by one or more statutory exemptions or exclusions.  5 U.S.C. § 552(b).  Disclosure of such information is

9   not required or permitted.

10  **THIRD AFFIRMATIVE DEFENSE**

11      Plaintiff has not established that venue is proper in the Northern District of California because OIP

12  does not situate records in this District and the Complaint does not allege that the FBI or OIG situate

13  records responsive to Plaintiff's FOIA request, and thus at issue in this lawsuit, in the Northern District of

14  California.

15  **FOURTH AFFIRMATIVE DEFENSE**

16      Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to submit a request

17  or exhaust their administrative remedies.

18  **FIFTH AFFIRMATIVE DEFENSE**

19      Defendants have insufficient knowledge or information at this time on which to form a belief as

20  to whether they have any additional, as yet unstated, defenses available.  Defendants reserve the right to

21  assert additional defenses in the event discovery or other developments indicate it would be appropriate.

22  **PRAYER FOR RELIEF**

23      WHEREFORE, Defendants pray that:

24      1.    Plaintiff takes nothing by its Complaint;

25      2.    Defendants have judgment against Plaintiff;

26      3.    Defendants be awarded their costs of suit; and

27      4.    For such other and further relief as the Court may deem proper.

28  DATED:  January 28, 2021                 Respectfully submitted,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVID L. ANDERSON
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

ANSWER
NO. 3:20-CV-09284-CRB                    8