ARIANNA DEMAS (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Fax: 212-549-2652
ademas@aclu.org

JENNIFER STISA GRANICK (CA Bar No. 168423)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-343-0758
Fax: 415-255-1478
jgranick@aclu.org

JACOB A. SNOW (CA Bar No. 270988)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
Fax: 415-255-1478
jsnow@aclunc.org

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>      Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION,<br><br>      Defendants. | Case No. 3:20-cv-09284-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT** : ORDER |

The parties jointly submit this Case Management Statement pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement.

1.  Jurisdiction & Service

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served, and there are no issues concerning personal jurisdiction.

2.  Facts

On June 26, 2018, Plaintiff American Civil Liberties Union Foundation ("ACLU") submitted a FOIA request ("Request") to the Office of Information Police ("OIP") on behalf of the Office of the Attorney General ("OAG"), the Office of the Inspector General ("OIG"), and the Federal Bureau of Investigation ("FBI") seeking the release of records related to the Electronic Device Analysis Unit ("EDAU"), a unit of the FBI. The FBI divided the Request into five distinct requests. The FBI offered "Glomar" responses to three of Plaintiff's requests, refusing to confirm or deny whether responsive records exist at all. Two of these decisions were upheld on administrative appeal. The third was remanded on administrative appeal, and the FBI is still processing that request. The FBI initially closed the fourth request by stating that it was overbroad, a decision that was also overturned and remanded on administrative appeal. The FBI is still processing that request. Plaintiff does not challenge the response to the fifth request. These four subparts of the Request to the FBI remain at issue in this lawsuit. The ACLU has not yet received releases of records from the FBI.

On December 22, 2020, the ACLU filed this lawsuit. ECF No. 1.

Defendants Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") filed their Answer on January 28, 2021. ECF No. 17.

On January 22, 2021, OIG, a component of DOJ and a recipient of one of the FOIA requests at issue in the above-captioned lawsuit, responded to the Request to OIG, reporting that OIG did not locate any records responsive to the Request to OIG.

On February 19, 2021, OIP—the component of DOJ designated to process FOIA requests on behalf of OAG, which received one of the FOIA requests at issue in this lawsuit—responded to the Request, informing Plaintiff that no records responsive to the Request to OAG were located.

On May 20, 2021, in order to allow the FBI to complete its searches regarding the four subparts of the Request to FBI that remain at issue and to allow the parties to meet and confer regarding a path

1   forward in the above-captioned litigation, the parties jointly requested that the Court continue their initial

2   case management conference. ECF No. 21. On May 21, 2021, the Court ordered the case management

3   conference to be continued until July 9, 2021, and extended the deadline to submit the initial case

4   management conference statement to June 18, 2021. ECF No. 22.

5       On June 16, 2021, the parties filed a stipulation agreeing to dismiss Defendant DOJ insofar as it

6   stands in for its components, OIG and OIP (on behalf of OAG). ECF No. 23.

7       The parties now submit this joint case management statement pursuant to Local Rule 16-2(e).

8       3.  Legal Issues

9           At this juncture, this lawsuit may raise several legal issues under FOIA:

10          •   Whether Defendant FBI has conducted an adequate search for records responsive to

11              the Request, *see* 5 U.S.C. § 552(a)(3);

12          •   Whether Defendant FBI improperly failed to grant Plaintiff's request for a limitation

13              of fees, *see id.* § 552(a)(4)(A)(iii); and

14          •   Whether Defendant FBI has lawfully invoked FOIA exemptions to withhold or redact

15              responsive records, *see id.* § 552(b).

16      4.  Motions

17          There are no prior or pending motions. The parties anticipate that, if the matter is not resolved

18  through negotiations between the parties, it can ultimately be resolved on summary judgment.

19      5.  Amendment of Pleadings

20          No party anticipates amending its pleadings. The parties stipulated to dismiss OIG and OIP from

21  this lawsuit, and the Court granted that stipulation on June 17, 2021. ECF Nos. 23 and 24.

22      6.  Evidence Preservation

23          The parties acknowledge their duty to preserve relevant materials in accordance with rules and

24  case law applicable to FOIA actions.

25      7.  Disclosures

26          The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial

27  disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such

28  disclosures.

8. <u>Discovery</u>

To date, no discovery has been taken by any party. Defendant notes that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"). Plaintiff does not currently anticipate propounding discovery, but Plaintiff notes that discovery may be appropriate in certain circumstances and reserves the right to seek discovery. *See, e.g.,* *Carney v. DOJ*, 19 F.3d 807, 812–13 (2d Cir. 1994) (discovery appropriate where a party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate").

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

Counsel for the parties are unaware of any related cases before another judge of this Court.

11. <u>Relief</u>

Plaintiff seeks the relief set forth in their Prayer for Relief. *See* Compl. at 12, ECF No. 1. Defendant denies that Plaintiff is entitled to any relief.

12. <u>Settlement and ADR</u>

This case has been assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program. ECF No. 8. The parties have conferred about ADR processes in conformance with ADR L.R. 3-5. The parties respectfully submit that this case is not well-suited to ADR resolution, and that ADR is not likely to increase the likelihood of resolving this matter. The parties therefore request that the Court exempt this case from ADR.

13. <u>Consent to Magistrate Judge For All Purposes.</u>

Plaintiff declined assignment of this case to a magistrate judge for all purposes.

14. <u>Other References</u>

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties have conferred, and intend to continue conferring, in an effort to reach agreement regarding Defendant's processing and production of responsive documents.

16. <u>Expedited Trial Procedure</u>

The parties anticipate that this case, as a FOIA matter, can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

17. <u>Scheduling</u>

The parties have conferred regarding the FBI's processing of the Request and production of responsive records.

The FBI maintains that it has completed its search and has identified potentially responsive records for Items 1-4. The FBI has identified approximately 70 pages responsive to Item 1. The FBI maintains that it is unable to provide page counts for Items 2-4 due to the sensitive investigative techniques involved;

The FBI anticipates processing and releasing (subject to any withholdings) records responsive to Item 1 and records related to the publicly acknowledged contracts in Item 3 on or before August 31, 2021. However, if these record subsets involve more than 500 pages of responsive records, the FBI's position is that it will process 500 pages of responsive records (again, subject to any withholdings) per month until complete;

The FBI anticipates categorically withholding all remaining records pursuant to Exemption 7(E). The FBI estimates that document-by-document processing of the remaining potentially responsive records would take approximately 105 months. To the extent it would be helpful for the Court, the FBI is willing to make an *in camera* submission detailing the volume of the remaining records and the FBI's processing rate;

The FBI has agreed to provide the ACLU with further information regarding the nature of all remaining responsive documents as well as its justification for its position on categorically withholding all remaining responsive records under Exemption 7(E) before the Case Management Conference before this Court on July 9, 2021; and

The FBI and the ACLU are meeting and conferring about the FBI's anticipated Exemption 7(E) assertion and about ways to reduce the volume of potentially responsive records, which would

significantly decrease the FBI's processing estimate. The parties anticipate that they will be able to report to the Court any compromise resolutions regarding the anticipated Exemption 7(E) assertion, reductions to the volume of potentially responsive records, and updated processing estimates no later than August 31, 2021.

18. Trial

The parties anticipate that this entire case will be resolved on summary judgment, if the parties do not reach a negotiated resolution.

19. Disclosure of Non-party Interested Entities or Persons

As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15.

As set forth in Plaintiff's Civil Local Rule 3-15 statement filed on December 22, 2020, ECF No. 2, counsel for Plaintiff certify that other than the named parties, there is no such interest to report.

20. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

The parties submit this joint case management statement pursuant to Local Rule 16-2(e).

Respectfully submitted,

Dated:  June 18, 2021

/s/ Arianna Demas
Arianna Demas (pro hac vice)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Fax: 212-549-2652
ademas@aclu.org

Jennifer Stisa Granick
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-343-0758
Fax: 415-255-1478

jgranick@aclu.org

Jacob Snow
American Civil Liberties Union Foundation of
Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
Fax: 415-255-1478
jsnow@aclunc.org

*Attorneys for Plaintiff*

Dated:  June 18, 2021          STEPHANIE M. HINDS
                              Acting United States Attorney

                              */s/ Jevechius D. Bernardoni*
                              Jevechius D. Bernardoni
                              Assistant United States Attorney

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all other signatories have concurred in the filing of this document.*

The Court adopts the case management schedule.  Case Management Conference set for July 9, 2021 is vacated.  A Joint Case Management Statement due by November 5, 2021.

Date: June 24, 2021



APPROVED
Judge Charles R. Breyer
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA