JENNIFER STISA GRANICK (CA Bar No. 168423)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-343-0758
Fax: 415-255-1478
jgranick@aclu.org

JACOB A. SNOW (CA Bar No. 270988)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
Fax: 415-255-1478
jsnow@aclunc.org

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | Case No. 3:20-cv-09284-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties jointly submit this Case Management Statement pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement.

1. <u>Jurisdiction & Service</u>

Plaintiff brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served, and there are no issues concerning personal jurisdiction.

2. <u>Facts</u>

On June 26, 2018, Plaintiff American Civil Liberties Union Foundation ("ACLU") submitted a FOIA request ("Request") to the Office of Information Police ("OIP") on behalf of the Office of the Attorney General ("OAG"), the Office of the Inspector General ("OIG"), and the Federal Bureau of Investigation ("FBI") seeking the release of records related to the Electronic Device Analysis Unit ("EDAU"), a unit of the FBI. The FBI divided the initial Request into five distinct requests. The FBI offered "Glomar" responses to three of Plaintiff's requests, refusing to even confirm or deny whether responsive records exist at all. Two of these decisions were upheld on administrative appeal. The third was remanded on administrative appeal, and the FBI is still processing that request. The FBI initially closed the fourth request by stating that it was overbroad, a decision that was also overturned and remanded on administrative appeal. The FBI is still processing that request. Plaintiff does not challenge the response to the fifth request. These four subparts of the FOIA request to the FBI remain at issue in this lawsuit.

On December 22, 2020, the ACLU filed this lawsuit. ECF No. 1.

Defendants Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") filed their Answer on January 28, 2021. ECF No. 17.

On January 22, 2021, OIG, a component of DOJ and a recipient of one of the FOIA requests at issue in the above-captioned lawsuit, responded to Plaintiff's FOIA request to OIG, reporting that OIG did not locate any records responsive to Plaintiff's FOIA request to OIG.

On February 19, 2021, OIP—the component of DOJ designated to process FOIA requests on behalf of OAG, which received one of the FOIA requests at issue in this lawsuit—responded to Plaintiff's FOIA request, informing Plaintiff that no records responsive to Plaintiff's FOIA request to OAG were located.

On May 20, 2021, in order to allow the FBI to complete its searches regarding the four subparts of the Request to FBI that remain at issue and to allow the parties to meet and confer regarding a path forward in the above-captioned litigation, the parties jointly requested that the Court continue their initial case management conference. ECF No. 21. On May 21, 2021, the Court ordered the case management conference to be continued until July 9, 2021, and extended the deadline to submit the initial case management conference statement to June 18, 2021. ECF No. 22.

On June 16, 2021, the parties filed a stipulation agreeing to dismiss Defendant DOJ insofar as it stands in for its components, OIG and OIP (on behalf of OAG). ECF No. 23.

On June 18, 2021, the parties filed a Joint Case Management statement. ECF No. 25. On June 24, the Court vacated the Case Management Conference set for July 9, 2021 and ordered a Joint Case Management Statement to be filed by November 5, 2021.

FBI released records on or around September 9, 2021 and September 30, 2021.

The parties now submit this joint case management statement pursuant to Local Rule 16-2(e).

3. <u>Legal Issues</u>

At this juncture, this lawsuit raises several legal issues under FOIA:

- Whether Defendant FBI has conducted an adequate search for records responsive to the Request, *see* 5 U.S.C. § 552(a)(3);
- Whether Defendant FBI improperly failed to grant Plaintiff's request for a limitation of fees, *see id.* § 552(a)(4)(A)(iii); and
- Whether Defendant FBI has lawfully invoked FOIA exemptions to withhold or redact responsive records or to refuse to confirm or deny whether responsive records exist, *see id.* § 552(b).

4. <u>Motions</u>

There are no prior or pending motions. The parties anticipate that, if the matter is not resolved through negotiations between the parties, it can ultimately be resolved on summary judgment.

5. <u>Amendment of Pleadings</u>

No party anticipates amending its pleadings. Plaintiff has agreed to dismiss OIG and OIP from this lawsuit, and the parties filed a stipulation agreeing to dismiss OIG and OIP on June 16, 2021. ECF No. 23.

6. <u>Evidence Preservation</u>

The parties acknowledge their duty to preserve relevant materials in accordance with rules and case law applicable to FOIA actions.

7. <u>Disclosures</u>

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

8. <u>Discovery</u>

To date, no discovery has been taken by any party. Plaintiffs do not currently anticipate propounding discovery, but Plaintiffs note that discovery may be appropriate in certain circumstances and reserve the right to seek discovery. *See, e.g., Carney v. DOJ*, 19 F.3d 807, 812–13 (2d Cir. 1994) (discovery appropriate where a party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate").

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

Counsel for the parties are unaware of any related cases before another judge of this Court.

11. <u>Relief</u>

Plaintiffs seek the relief set forth in their Prayer for Relief. *See* Compl. at 12, ECF No. 1.

12. <u>Settlement and ADR</u>

This case has been assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program. ECF No. 8. The parties have conferred about ADR processes in conformance with ADR L.R. 3-5. The parties respectfully submit that this case is not well-suited to ADR resolution, and that ADR is not likely

to increase the likelihood of resolving this matter. The parties therefore request that the Court exempt this case from ADR.

13. Consent to Magistrate Judge For All Purposes.

Plaintiff declined assignment of this case to a magistrate judge for all purposes.

14. Other References

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

FBI has informed Plaintiff that FBI has completed its release of all information FBI believes is releasable under the FOIA. Plaintiff is in the process of reviewing those disclosed documents. The parties have conferred, and intend to continue conferring, in an effort to reach agreement regarding any redactions in the disclosed documents, as well as FBI's position that the remainder of responsive documents are exempt from disclosure.

16. Expedited Trial Procedure

The parties anticipate that this case, as a FOIA matter, can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

17. Scheduling

The parties have conferred regarding Defendant's processing of the Request and production of responsive records.

FBI maintains that, to the best of its present knowledge, it has disclosed all responsive and non-exempt documents. FBI anticipates categorically withholding all remaining records pursuant to Exemption 7(E). To the extent Plaintiff seeks additional records, FBI plans to review the remaining potentially responsive records. Any document that falls under Exemption 7(E) it plans to withhold in full. Any document not withheld in full under Exemption 7(E) would be segregated and released to the extent permissible under the FOIA. FBI estimates that processing of the remaining potentially responsive records would take somewhere between 33 and 65 months.

The ACLU is in the process of reviewing the documents disclosed to date. The parties continue to meet and confer about FBI's anticipated Exemption 7(E) assertion and about ways to reduce the volume

of potentially responsive records. The parties anticipate that they will be able to report to the Court any compromise resolutions regarding the anticipated Exemption 7(E) assertion, reductions to the volume of potentially responsive records, and updated processing estimates no later than January 10, 2022.

18. Trial

The parties anticipate that this entire case will be resolved on summary judgment, if the parties do not reach a negotiated resolution.

19. Disclosure of Non-party Interested Entities or Persons

As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15.

As set forth in Plaintiff's Civil Local Rule 3-15 statement filed on December 22, 2020, ECF No. 2, counsel for Plaintiff certify that other than the named parties, there is no such interest to report.

20. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

The parties submit this joint case management statement pursuant to Local Rule 16-2(e).

Respectfully submitted,

Dated:  November 2, 2021                 */s/ Jennifer Stisa Granick*

                                               Jennifer Stisa Granick
                                               American Civil Liberties Union Foundation
                                               39 Drumm Street
                                               San Francisco, CA 94111
                                               Telephone: 415-343-0758
                                               Fax: 415-255-1478
                                               jgranick@aclu.org

                                               Jacob Snow
                                               American Civil Liberties Union Foundation of Northern California
                                               39 Drumm Street

|   |   |
|---|---|
|   | San Francisco, CA 94111<br>Telephone: 415-621-2493<br>Fax: 415-255-1478<br>jsnow@aclunc.org |
|   | *Attorneys for Plaintiff* |
| Dated:  November 2, 2021 | STEPHANIE M. HINDS<br>Acting United States Attorney |
|   | */s/ Jevechius D. Bernardoni*<br>Jevechius D. Bernardoni<br>Assistant United States Attorney |

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all other signatories have concurred in the filing of this document.*