1

2   JENNIFER STISA GRANICK (CA Bar No. 168423)
    AMERICAN CIVIL LIBERTIES UNION FOUNDATION
3   425 California Street, Seventh Floor
    San Francisco, CA 94104
4   Telephone: 415-343-0758
    jgranick@aclu.org
5

6   JACOB A. SNOW (CA Bar No. 270988)
    AMERICAN CIVIL LIBERTIES UNION
7   FOUNDATION OF NORTHERN CALIFORNIA
    39 Drumm Street
8   San Francisco, CA 94111
    Telephone: 415-621-2493
9   Fax: 415-255-1478
    jsnow@aclunc.org

10  *Attorneys for Plaintiff*

11

12

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17
    AMERICAN CIVIL LIBERTIES UNION           Case No. 3:20-cv-09284-CRB
18  FOUNDATION,
                                             **STATUS REPORT AND FURTHER JOINT**
19        Plaintiff,                         **CASE MANAGEMENT STATEMENT**

20        v.

21  DEPARTMENT OF JUSTICE and FEDERAL
    BUREAU OF INVESTIGATION,
22
          Defendants.
23

24

25        Pursuant to Court order (ECF No. 38), the parties jointly submit this Status Report and Further

26  Case Management Statement pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of

27  the Northern District of California—Contents of Joint Case Management Statement.

28

STATUS REPORT AND FURTHER JOINT CASE MANAGEMENT STATEMENT
NO. 3:20-CV-09284-CRB                         1

**Status Report**

As reported in the last case management statement (ECF No. 37), the parties have continued working together to narrow the issues in dispute.  The parties now report as follows:

The parties agreed to narrow the Request to encompass only the following two categories of records responsive to the Request:

- technical manuals or guides, standard operating procedures, and/or documents concerning best practices; and

- training and/or briefing materials.

For the avoidance of doubt, the agreed-upon narrowed scope of potentially responsive records excludes records that pertain to FBI investigations and/or joint law enforcement actions (*i.e.*, investigatory files).

The parties further agreed that the primary dispute between the parties is whether the narrowed categories of potentially responsive records are subject to FOIA Exemption 7(E) in full.  Exemption 7(E) protects law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  The parties agree that resolution of whether Exemption 7(E) protects the responsive records in full could be dispositive of the entire lawsuit.

Third, to facilitate resolution of that primary, and potentially dispositive, Exemption 7(E) dispute, the parties agreed to bifurcate these proceedings, such that FBI initially reviewed the potentially responsive records for application of Exemption 7(E) only. The FBI has completed that review and released non-exempt documents. The FBI is withholding the remaining responsive documents on the basis of Exemption 7(E).

At this point, the parties may submit the Exemption 7(E) dispute to the Court for adjudication via summary judgment briefing.  If the Court finds that Exemption 7(E) protects the narrowed responsive records, that determination would be dispositive.  However, if the Court finds that Exemption 7(E) does not protect the narrowed responsive records in full, then the parties agree that FBI may review the potentially responsive records for any and all underlying FOIA exemptions, which would then be adjudicated via a second summary judgment motion. By bifurcating the proceedings in this manner, the

1   parties agree that FBI expressly reserves and does not waive any and all underlying FOIA exemptions that

2   might apply to the potentially responsive records notwithstanding the fact that FBI does not assert them

3   in the initial summary judgment proceedings. The parties recognize that the requested bifurcated

4   proceedings might result in two summary judgment proceedings. In the last Case Management Statement

5   filed on September 16, 2022 (ECF No. 25), the parties respectfully requested leave from this Court to

6   proceed in this manner in the interest of judicial economy and conservation of government resources. *See*

7   Standing Order for Civil and Criminal Cases Before Judge Charles R. Breyer § I.C ("Each party is limited

8   to filing one summary judgment motion.  Any party wishing to exceed this limit must request leave of the

9   Court and must show good cause").  FBI submits that identifying and justifying any and all underlying

10  FOIA exemptions and litigating all of those underlying exemptions in one summary judgment motion

11  would be unduly taxing on FBI's and the Court's limited resources and would result in significant delays

12  to the resolution of this lawsuit, especially where resolution of the primary Exemption 7(E) dispute could

13  be dispositive.

14          The FBI has completed the bifurcated Exemption 7(E) review.  As reported in the last Case

15  Management Statement, now that the FBI has completed the bifurcated Exemption 7(E) review, the FBI

16  estimates that it will need approximately four months to prepare its initial summary judgment motion,

17  which would include a declaration to, among other things, establish the bases for the FBI's

18  Exemption 7(E) assertion by describing the categories of withheld records under Exemption 7(E).

19          The parties are currently negotiating to see if they can resolve the outstanding disputes without

20  further Court intervention.  To that end, the FBI has agreed to provide certain agreed-upon information to

21  Plaintiff on or around September 27, 2024.  In order to provide Plaintiff time to review that forthcoming

22  information—and assess whether further Court intervention is necessary—the parties will provide the

23  Court with a further status update on October 31, 2024.  At this point, the parties anticipate that the October

24  31, 2024 status update will include either (1) a report that the parties have resolved their disputes regarding

25  the FBI's Exemption 7(E) withholdings or (2) propose a briefing schedule for bifurcated summary

26  judgment proceedings on the FBI's Exemption 7(E) withholdings only.[1]

27

28          [1] The parties have previously agreed that the FBI expressly reserves and does not waive any and
    all underlying FOIA exemptions that might apply to the potentially responsive records to the extent the

**Further Case Management Statement**

1. Jurisdiction & Service

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served, and there are no issues concerning personal jurisdiction.

2. Facts

On June 26, 2018, Plaintiff American Civil Liberties Union Foundation ("ACLU") submitted a FOIA request ("Request") to the Office of Information Police ("OIP") on behalf of the Office of the Attorney General ("OAG"), the Office of the Inspector General ("OIG"), and the Federal Bureau of Investigation ("FBI") seeking the release of records related to the Electronic Device Analysis Unit ("EDAU"), a unit of the FBI. The FBI divided the initial Request into five distinct requests. The FBI offered "Glomar" responses to three of Plaintiff's requests, refusing to even confirm or deny whether responsive records exist at all. Two of these decisions were upheld on administrative appeal. The third was remanded on administrative appeal, and the FBI is still processing that request. The FBI initially closed the fourth request by stating that it was overbroad, a decision that was also overturned and remanded on administrative appeal. The FBI is still processing that request. Plaintiff does not challenge the response to the fifth request. These four subparts of the FOIA request to the FBI remain at issue in this lawsuit.

On December 22, 2020, the ACLU filed this lawsuit. ECF No. 1.

Defendants Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") filed their Answer on January 28, 2021. ECF No. 17.

On January 22, 2021, OIG, a component of DOJ and a recipient of one of the FOIA requests at issue in the above-captioned lawsuit, responded to Plaintiff's FOIA request to OIG, reporting that OIG did not locate any records responsive to Plaintiff's FOIA request to OIG.

On February 19, 2021, OIP—the component of DOJ designated to process FOIA requests on behalf of OAG, which received one of the FOIA requests at issue in this lawsuit—responded to Plaintiff's

parties engage in bifurcated summary judgment proceedings on the Exemption 7(E) withholdings only.

1  FOIA request, informing Plaintiff that no records responsive to Plaintiff's FOIA request to OAG were

2  located.

3      On May 20, 2021, in order to allow the FBI to complete its searches regarding the four subparts

4  of the Request to FBI that remain at issue and to allow the parties to meet and confer regarding a path

5  forward in the above-captioned litigation, the parties jointly requested that the Court continue their initial

6  case management conference. ECF No. 21. On May 21, 2021, the Court ordered the case management

7  conference to be continued until July 9, 2021, and extended the deadline to submit the initial case

8  management conference statement to June 18, 2021. ECF No. 22.

9      On June 16, 2021, the parties filed a stipulation agreeing to dismiss Defendant DOJ insofar as it

10  stands in for its components, OIG and OIP (on behalf of OAG). ECF No. 23.

11      On June 18, 2021, the parties filed a Joint Case Management statement. ECF No. 25. On June 24,

12  the Court vacated the Case Management Conference set for July 9, 2021 and ordered a Joint Case

13  Management Statement to be filed by November 5, 2021. ECF No. 26.

14      FBI released records on or around September 9, 2021 and September 30, 2021.

15      On November 2, 2021, the parties filed a joint cases management statement updating the Court on

16  these developments. On February 24, 2022, the parties submitted a Joint Case Management Statement.

17  ECF No. 32. On September 16, 2022, the parties advised the Court via Joint Case Management Statement

18  that ACLU had agreed to narrow the categories of records requested and that FBI would perform a

19  bifurcated review, focusing first on the application of Exemption 7(E), as set forth above.  ECF No. 35.

20      The parties now submit this joint case management statement pursuant to Local Rule 16-2(e).

21    3.  Legal Issues

22      At this juncture, this lawsuit raises several legal issues under FOIA:

23      •  Whether Defendant FBI has conducted an adequate search for records responsive to

24        the Request, *see* 5 U.S.C. § 552(a)(3);

25      •  Whether Defendant FBI improperly failed to grant Plaintiff's request for a limitation

26        of fees, *see id.* § 552(a)(4)(A)(iii); and

27

28

- Whether Defendant FBI has lawfully invoked FOIA exemptions to withhold or redact responsive records or to refuse to confirm or deny whether responsive records exist, *see id.* § 552(b).

4. Motions

There are no prior or pending motions. The parties anticipate that this matter will be resolved on summary judgment.

5. Amendment of Pleadings

No party anticipates amending its pleadings.

6. Evidence Preservation

The parties acknowledge their duty to preserve relevant materials in accordance with rules and case law applicable to FOIA actions.

7. Disclosures

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

8. Discovery

To date, no discovery has been taken by any party. Plaintiff does not currently anticipate propounding discovery, but Plaintiff notes that discovery may be appropriate in certain circumstances and reserve the right to seek discovery. *See, e.g.*, *Carney v. DOJ*, 19 F.3d 807, 812–13 (2d Cir. 1994) (discovery appropriate where a party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate").

9. Class Actions

This is not a class action.

10. Related Cases

Counsel for the parties are unaware of any related cases before another judge of this Court.

11. Relief

Plaintiff seeks the relief set forth in their Prayer for Relief. *See* Compl. at 12, ECF No. 1.

1    12. Settlement and ADR

2    This case has been assigned to the Alternative Dispute Resolution ("ADR") Multi-Option

3    Program. ECF No. 8. The parties have conferred about ADR processes in conformance with ADR L.R. 3-

4    5. The parties respectfully submit that this case is not well-suited to ADR resolution, and that ADR is not

5    likely to increase the likelihood of resolving this matter. The parties therefore request that the Court

6    exempt this case from ADR.

7    13. Consent to Magistrate Judge For All Purposes.

8    Plaintiff declined assignment of this case to a magistrate judge for all purposes.

9    14. Other References

10    The parties agree that this case is not suitable for reference to binding arbitration or a special

11    master, or reference to the Judicial Panel on Multidistrict Litigation.

12    15. Narrowing of Issues

13    The parties have negotiated in good faith to narrow the issues in dispute, including by narrowing

14    the scope of the Request and by agreeing to bifurcate these proceedings.  *See supra* Joint Status Report.

15    16. Expedited Trial Procedure

16    The parties anticipate that this case, as a FOIA matter, can be resolved on summary judgment. The

17    expedited trial procedure is therefore inapplicable.

18    17. Scheduling

19    As described *supra*, the parties have agreed that the FBI will share certain information with

20    Plaintiff in an attempt to obviate the need for summary judgment proceedings regarding the

21    Exemption 7(E) withholdings.  The parties will provide the Court with a further status update on October

22    31, 2024.  The parties anticipate that the October 31, 2024 status update will include either (1) a report

23    that the parties have resolved their disputes regarding the FBI's Exemption 7(E) withholdings or

24    (2) propose a briefing schedule for bifurcated summary judgment proceedings on the FBI's Exemption

25    7(E) withholdings only.

26    18. Trial

27    The parties anticipate that this entire case will be resolved on summary judgment if the parties do

28    not reach a negotiated resolution.

STATUS REPORT AND FURTHER JOINT CASE MANAGEMENT STATEMENT
NO. 3:20-CV-09284-CRB                                    7

1    19. <u>Disclosure of Non-party Interested Entities or Persons</u>

2    As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil

3    Local Rule 3-15.

4    As set forth in Plaintiff's Civil Local Rule 3-15 statement filed on December 22, 2020, ECF No. 2,

5    counsel for Plaintiff certify that other than the named parties, there is no such interest to report.

6    20. <u>Professional Conduct</u>

7    The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for

8    the Northern District of California.

9    21. <u>Other</u>

10    None.

11    The parties submit this joint case management statement pursuant to Local Rule 16-2(e).

12    Respectfully submitted,

13    Dated:  31st May 2024       */s/ Jennifer Stisa Granick*

14    Jennifer Stisa Granick
      AMERICAN CIVIL LIBERTIES UNION
15    FOUNDATION
      425 California Street, Seventh Floor
16    San Francisco, CA 94104
17    Telephone: 415-343-0758
      jgranick@aclu.org
18

19    Jacob Snow
      AMERICAN CIVIL LIBERTIES UNION
20    FOUNDATION OF NORTHERN CALIFORNIA
      39 Drumm Street
21    San Francisco, CA 94111
      Telephone: 415-621-2493
22    Fax: 415-255-1478
      jsnow@aclunc.org
23

24    *Attorneys for Plaintiff*

25    Dated:  31st May 2024       ISMAIL J. RAMSEY
                                             United States Attorney
26

27    */s/ Jevechius D. Bernardoni*
      Jevechius D. Bernardoni
28    Assistant United States Attorney

STATUS REPORT AND FURTHER JOINT CASE MANAGEMENT STATEMENT
NO. 3:20-CV-09284-CRB                    8

1  *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury
that all other signatories have concurred in the filing of this document.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATUS REPORT AND FURTHER JOINT CASE MANAGEMENT STATEMENT
NO. 3:20-CV-09284-CRB                                        9